IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Michael A. Prozer, III, | ) CIVIL ACTION NO. 9:14-3556-TMC-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| United States of America, | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671, et seq. In this action, Plaintiff asserts a negligence claim against Senior United States District Judge Robert L. Vining of the Northern District of Georgia. Plaintiff is an inmate with the Bureau of Prisons (BOP) housed at the Federal Correctional Institution in Estill, South Carolina, and states in his Complaint that he "invokes domicile jurisdiction [in the District of South Carolina] as the negligence against Plaintiff occurred by and through mail by a government employee [Judge Vining], and because Plaintiff is domiciled in Estill, SC, Plaintiff brings this action to this Court appropriately".

The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 8, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 10, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file an

1



adequate response, the Defendant's motion may be granted, thereby ending his case.

Plaintiff thereafter filed a response in opposition to the Defendant's motion on December 17, 2014, a "Declaration" on January 7, 2015, and a second response in opposition to the Defendant's motion on January 12, 2015. Defendant's motion is now before the Court for disposition.[1]

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]. Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the allegations of the Complaint considered pursuant to this standard, the undersigned finds and concludes that the Defendant is entitled to dismissal of this case.

Plaintiff alleges in his Complaint that Judge Vining "engaged in negligence, fraud and falsification in order to aid and abet the criminal acts of others" in a civil proceeding in Federal District Court in Georgia. Plaintiff herein alleges that the Plaintiff (and/or Plaintiff's counsel) in that Georgia case (in which the Plaintiff herein is or was apparently a defendant) "engaged in acts of fraud against Plaintiff by sending motions to different addresses other than Plaintiff's in order to commit fraud on the Court and gain judgment in their collective favor due to Plaintiff's failure to respond or defend". Plaintiff further alleges that Judge Vining thereafter entered "illegal orders" ruling in favor of the other party in that Georgia case and against the Plaintiff due to Plaintiff herein having failed to respond to motions, even though Plaintiff herein asserts that he never received the motions or court orders filed in that case. Plaintiff further alleges that even after he notified the Georgia District Court that opposing counsel in that Georgia case was sending motions to addresses other than the Plaintiff's, that "Judge Vining refused to correct the fraud, and further concealed" it. Plaintiff also complains that Judge Vining refused to recuse himself in that Georgia case after the Plaintiff herein demanded that he do so. Plaintiff seeks damages due to Vining's "negligence, fraud, criminal acts, and falsifying a Federal Court Record, and fraudulently concealing fraud of others to the detriment of Plaintiff . . . .". Plaintiff has attached to his Complaint an affidavit wherein he reasserts his claims, as well as copies of various court documents. See generally, Plaintiff's

3



Complaint with attached Exhibits.

As noted, Plaintiff has asserted his claims under the Federal Tort Claims Act, which waives sovereign immunity and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment. Under this Act, a plaintiff may recover a monetary award from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope...of employment." 28 U.S.C. § 1346(b).[2] However, Defendant asserts in its motion to dismiss that, even assuming (without conceding) that this case is properly brought in this District, it is subject to dismissal because judicial immunity applies whenever a judge acts in his or her judicial capacity and had jurisdiction "over the subject matter before him". Stump v. Sparkman, 435 U.S. 349, 356-357, and n. 7 (1978). Defendant further notes that the United States may assert the defense of judicial immunity in an FTCA claim if the individual judicial officer whose conduct is being challenged would themselves be immune from suit. See Tinsley v. Widener, 150 F.Supp.2d 7, 12 (D.D.C. 2001) [United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit].

Here, there is no dispute that at all times relevant to Plaintiff's claims Judge Vining was acting in his capacity as a judicial officer in a case pending in his Court. Therefore, Judge Vining would have absolute judicial immunity from suit for all claims that could be asserted against him, which immunity may in turn be asserted by the United States in a claim brought under the

---

[2]It is also a requirement of the FTCA that all administrative remedies be exhausted before a claimant can pursue a claim in Federal Court. See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113 (1993) ["The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"]. For purposes of it's motion to dismiss, the Defendant has not disputed exhaustion of administrative remedies by the Plaintiff.



FTCA. Tinsley, 150 F.Supp.2d at 12; see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [Judicial immunity provides immunity from suit]; Dockery v. United States, No. 08-80031, 2008 WL 345545, at * 1 (S.D.Fl. 2008), citing Bradley v. Fisher, 80 U.S. 335, 347 (1871). Although Plaintiff alleges in his Complaint that, when exercising the judicial functions and decisions at issue, Judge Vining acted negligently or engaged in misconduct, these claims (even if true) do not void the Defendant's immunity; Pierson v. Ray, 386 U.S. 547, 554 (1967) ["[I]mmunity applies even when the judge is accused of acting maliciously or corruptly"]; and nothing in the material filed by Plaintiff in opposition to the Defendant's motion [3] establishes any basis on which judicial immunity would not apply to his claims.

## Conclusion

Based on the forgoing, it is recommended that the Defendant's motion be **granted,** and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

February 9, 2015                                  Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

---

[3]Plaintiff essentially argues that, since Judge Vining's rulings were "negligent" or "fraudulent", they were made "without jurisdiction". It is also noted that Plaintiff seeks the recusal of the undersigned Magistrate Judge, as well as the District Judge assigned to this case, claiming that the Court is biased against him because of unfavorable rulings in another case he filed in this Court. These arguments are without merit. Cf. Bey v. City of New York Dep't of Finance, No. 12-364, 2012) [Dismissing claims of fraud against Administrative Law Judges]; see also Liteky v. United States, 510 U.S. 540, 555 (1994)["Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"]; Tonkovich v. Kansas Bd. Of Regents, 924 F.Supp. 1084, 1087-88 (D.Kan. 1996) [While judge has obligation to recuse himself when there is good reason for him to do so, he has an equal obligation not to recuse himself when there is no reason to do so].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

