IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael Anthony Prozer, III,            )<br>                                                        )<br>                         Plaintiff,        )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>The United States of America,         )<br>                                                        )<br>                         Defendant.    )<br>_____)  | Civil Action No. 9:14-3556-TMC<br><br>**ORDER** |

Michael Anthony Prozer, III ("Prozer"), the plaintiff, brings this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The United States filed a motion to dismiss (ECF 20), and Prozer responded to that motion (ECF Nos. 23, 29). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the motion for dismiss because of immunity. (ECF No. 33). Prozer filed timely objections. (ECF No. 36). He has also filed a motion "to remove electronic recipients" from the Bureau of Prisons. (ECF No. 35).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Prozer's objections fail to address any specific, dispositive portion of the Report. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate his claims. The court has thoroughly reviewed the Report and Prozer's objections and finds no reason to deviate from the Report's recommended disposition.

With regard to Prozer's motion to remove electronic recipients (ECF No. 35), judicial records and documents are generally open to the public. *E.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To file documents under seal, Prozer must file a motion pursuant to Local Rule 5.03, D.S.C. In any event, given that Prozer's objections indicate that he is voluntarily sharing the details of his case with various news organizations and internet blogs, (ECF No. 36 at 2, 13), the court finds that Prozer waived any objection he may have had to the public's access to his case.

Accordingly, the court adopts the Report (ECF No. 33) and incorporates it herein. It is therefore **ORDERED** that the United States's motion to dismiss (ECF No. 20) is **GRANTED**. In addition, the court **DENIES** the motion to remove electronic recipients (ECF No. 35).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 25, 2015
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.